WIGGINTON, Chief Judge
(specially concurring).
I agree with the able opinion written by Judge STURGIS which in effect holds that appellant has failed to demonstrate that the trial court committed reversible error.
I do not agree, however, that the order dismissing appellant’s answer was proper from a procedural standpoint. The answer presented a material issue of fact on which defendant’s right to compensation depended. In substance it alleged that no public *626 road was in existence over or adjacent to the land purchased by appellant’s predecessor in title at the time he received his deed from the Trustees of the Internal Improvement Fund which reserved an easement for state road right-of-way 200 feet wide lying equally on each side of the centerline of any state road which may have been in existence at the time the deed was executed. If this allegation could be sustained by competent proof, then appellee would be required to compensate appellant for any portion of the right-of-way which it now seeks to condemn over appellant’s land lying adjacent to the presently existing public road.
At the hearing on appellee’s motion to dismiss appellant’s answer, it was stipulated between counsel for the parties that Spring Garden Road is a state road adjacent to appellant’s property and was in existence as such at the time the deed given by the Trustees of the Internal Improvement Fund to appellant’s predecessor in title was executed. This stipulation was a substitute for, and in lieu of extrinsic proof of this material fact. It not only disproved the material issue raised by appellant’s answer, but conclusively established that she was not entitled to compensation for that portion of her property lying within the right-of-way reserved by the Trustees in their deed to appellant’s predecessor in title.
When the final disposition of a cause depends on proof of factual issues, the only proper disposition is by final judgment or decree on the merits, and not on the insufficiency of the pleadings raised by a motion to dismiss. Under the circumstances of this case, appellee’s motion to dismiss appellant’s answer should have been treated as a motion for summary judgment, and the order entered by the court should have been a summary final judgment in favor of appellees and against appellant on the issues made by the pleadings then on file in the cause.
If the court had followed the foregoing procedure, the same result would have been reached as flowed from the order appealed from. This procedural irregularity is not sufficient to show that the interest of appellant was prejudiced by the manner in which the court disposed of her claim for compensation, nor is it such as to justify a reversal of the cause. I therefore concur in the opinion of affirmance.